## WATSON v. STATE

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Oct. 14, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

661. INTOXICATING LIQUOR—615. Husband and Wife.

Married woman, living with husband, cannot be convicted of possession of intoxicating liquor found on premises, except by showing special ownership.

Error to Common Pleas.

Judgment reversed

Crumpler & Crumpler, Youngstown, for Watson.

Wm. E. Lewis, Youngstown, for State.

STATEMENT OF FACTS.

An affidavit was filed in the Municipal Court, charging Eliza Watson with possessing intoxicating liquors contrary to law. She was tried and found guilty. Error was prosecuted to the Court of Common Pleas, where the judgment was affirmed, and this action in error was brought to reverse the judgment of both courts below.

About five o'clock on the morning of June 30, 1926, two police officers went down about Poland Avenue. While driving along the alley in the rear of Poland Avenue, they saw a man standing, some distance from them. He started to go away and they stopped their automobile in the rear of lot No. 759 Poland Avenue. They saw this party go to the rear door of this house and knock. In a few minutes the door was opened, a man came out carrying four glass jars with some kind of liquid in them. He started to run and the police officers started after him. Running some distance, he dropped the jars, some distance from the house, and got away. The two officers then went around to the front door of the house and knocked, and the accused came to the door and opened it. They went in, and went into the kitchen and discovered a five gallon can containing a small amount of intoxicating liquor. They opened it and evidently it had contained intoxicating liquor. They also went out and, a short distance from the house, they found these four glass jars of liquor that had been taken from the house, as we have stated. by this party who ran out. They also testified that they saw Eliza Watson come to the door, that she opened it and let the man out who was carrying the liquor. She testified in her own behalf and denies that she opened and closed the door, claiming that she was in bed at the time the officers came to the door and knocked and she got up and opened it. She also testified that she was married, living with her husband, that her husband had gotten up that morning, dressed and went out of the room.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

POLLOCK, J.

There is no doubt about the four glass jars of liquor. There is no doubt but that the five gallon can found had a small amount of liquor

in it, that it possibly had far more than that in it a short time before  Giving full credit to what the officers testify to, is there sufficient here to charge this woman with possessing intoxicating liquor?  There is no attempt to deny her testimony that she is a married woman, she and her husband living in this house, that he had gone out a short time before.  The probabilities are that he took the four gallons of liquor with him when he left. Can we convict the wife of possessing intoxicating liquor when she is living with her husband and liquor is found in the house?  Section 7996 GC. says that the husband is the head of the family.  The next section says that he must support his wife and children, if able, and there are other modifications of the common law rule in this state, but has it destroyed the presumption that the husband is the owner and possessor of the property found in the dwelling?  30 C. J. pg. 825, under the head of Husband and Wife, Sec. 495, first refers to the common law rule that the personal property of the wife becomes the property of the husband, when married, then it discusses the changes made in the ordinary statutes in recent years, and then it says:

"Although some authorities have held that there is no presumption that personal property in the joint possession of the husband and wife belongs to the husband, the general rule is that where husband and wife are living together the husband is presumptively the owner of personal property on the premises, and that this presumption continues until the wife shows that she acquired it as her separate property.  The presumption of the husband's ownership applies especially to articles such as furniture and household goods adapted to the use of and used by the head of the family."

This is a well known principle. While intoxicating liquor was found in this house, there is no attempt to show that the husband and wife were not living together or that this was the property of the wife.

We think the legal conclusion must be that the liquor was the property of the husband and not of the wife; therefore the judgment is reversed and the plaintiff in error is discharged.

(Farr and Roberts, JJ., concur.)