## TICHY v DAYTON (city)

Ohio Appeals, 2nd Dist, Montgomery Co

No 899. Decided July 3, 1929

F. W. and F. G. Krehbiel, Dayton, for Tichy.

Lon Volz, Dayton, for City.

## KUNKLE, J.

We have read the record in this case and find that the case resolved itself largely into a question of credibility of the witnesses. That is a question which was peculiarly within the province of the trial court. He saw the witnesses and had an opportunity to observe their demeanor when on the witness stand, and was therefore in a better position to determine the weight which should be given their testimony.

If the testimony of the police officers is believed, then the plaintiff in error was in possession of the whiskey in question and was found by them in the act of dumping the same in the sink in question.

It is suggested that the husband should have been arrested instead of his wife, the plaintiff in error. He was not found in the possession of any whiskey. If the testimony of the policemen is believed, then the plaintiff in error was the one who was found in possession of the whiskey. The premises in question constitute a Soft Drink establishment and a residence.

It appears from the testimony of the police officers that the plaintiff in error was also active in the businees end of this combination. We think the facts as testified to by the police officers clearly distinguish this case from that of **Watson vs. State. (6 Abs 167)** decided by the Court of Appeals of Mahoning County, and cited by counsel.

If the testimony of plaintiff in error and certain of her witnesses is believed, then she should not have been convicted. If the testimony of police officers is accepted, then we think the court was justified in finding the plaintiff in error guilty of being in possession of the whiskey in question. As above stated, the credibility of witnesses is peculiarly within the province of the trial court.

Under all the facts disclosed by the record, we would not feel warranted in holding that the judgment of the lower court was against the manifest weight of the evidence.

The judgment of the Court of Common Pleas will be affirmed and cause remanded.

Allread and Hornbeck, JJ, concur.